COLT B. DODRILL, ESQ.
Nevada Bar No. 9000
YANXIONG LI, ESQ.
Nevada Bar No. 12807
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

Attorneys for Defendant
GREEN TREE SERVICING LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA SAND CASTLES, LLC.<br><br>       Plaintiff,<br>v.<br><br>GREEN TREE SERVICING LLC; RECONTRUST COMPANY, N.A.; BANK OF AMERICA, NA; PRLAP, INC.; DOES I THROUGH X, inclusive; ROE BUSINESS ENTITIES I THROUGH X, inclusive,<br><br>       Defendants. | CASE No: 2:15-cv-00588-GMN-VCF<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED ANSWER TO COMPLAINT** |

## STIPULATION

It is hereby stipulated and agreed by and between NEVADA SAND CASTLES and GREEN TREE SERVICING LLC (collectively as the "Parties"), by and through their respective counsels of record, that GREEN TREE SERVICING LLC may file the First Amended Answer to Complaint attached to this Stipulation as Exhibit "A."

///

///

///

///

///

1

2013322.1

1  The Parties are stipulating in the interest of judicial economy and this Stipulation shall not be
2  construed to prejudice any claims or defenses asserted by the Parties in this action.
3  IT IS SO STIPULATED.
4  DATED this 16th day of July, 2015.                DATED this 16th day of July, 2015.

7  By: */s/ Colt B. Dodrill*     .                   By: */s/ Paul R.M. Cullen*     .

8  Colt B. Dodrill, Esq.                             Robert B. Noggle, Esq.,
   Nevada Bar No. 9000                               Nevada Bar No. 11427
9  Yanxiong li, Esq.                                 Paul R.M. Cullen, Esq.,
   Nevada Bar No. 12807                              Nevada Bar No. 12355
10 WOLFE WYMAN, LLP                                  NOGGLE LAW PLLC
   980 Kelly Johnson Drive, Suite 140                376 East Warm Springs Rd., Suite 140
11 Las Vegas, NV 89119                               Las Vegas, NV 89119
   Attorneys for Defendant,                          Attorneys for Plaintiff,
12 GREEN TREE SERVICING LLC                          NEVADA SAND CASTLES, LLC

15 **ORDER**

16 IT IS SO ORDERED.

18 _____
   Gloria M. Navarro, Chief Judge
19 United States District Court

20 DATED: July 21, 2015

2

# EXHIBIT "A"

# EXHIBIT "A"



1  COLT B. DODRILL, ESQ.
　 Nevada Bar No. 9000
2  WOLFE & WYMAN LLP
　 980 Kelly Johnson Drive, Ste 140
3  Las Vegas, NV  89119
　 Tel: (702) 476-0100
4  Fax: (702) 476-0101
　 cbdodrill@wolfewyman.com
5
　 Attorneys for Defendant
6  GREEN TREE SERVICING LLC

7

8  UNITED STATED DISTRICT COURT

9  DISTRICT OF NEVADA

| 10 | NEVADA SAND CASTLES, LLC, | CASE NO. 2:15-cv-00588-GMN-VCF |
|---|---|---|
| 11 | Plaintiff,<br>v. | **GREEN TREE SERVICING LLC'S FIRST AMENDED ANSWER TO COMPLAINT** |
| 12 | GREEN TREE SERVICING LLC; RECONTRUST COMPANY, N.A.; BANK OF AMERICA, NA; PRLAP, INC.; DOES I THROUGH X, inclusive; ROE BUSINESS ENTITIES I THROUGH X, inclusive, | |
| 15 | Defendants. | |

17   Defendant, GREEN TREE SERVICING LLC ("GREEN TREE"), by and through its counsel

18  of record, WOLFE & WYMAN LLP, hereby answers the Complaint of Plaintiff NEVADA SAND

19  CASTLES, LLC ("Plaintiff"), as follows.

20                    **PARTIES**

21   1.  The allegations of Paragraph 1 constitute a conclusion of law as to which no response

22  is required.  To the extent a response is required, GREEN TREE denies them.

23   2.  The allegations of Paragraph 2 constitute a conclusion of law as to which no response

24  is required.  To the extent a response is required, GREEN TREE denies them.

25   3.  The allegations of Paragraph 3 constitute a conclusion of law as to which no response

26  is required.  To the extent a response is required, GREEN TREE denies them.

27   4.  GREEN TREE admits the allegations of Paragraph 4 of the Complaint.

28   5.  GREEN TREE admits the allegations of Paragraph 5 of the Complaint.

6. GREEN TREE is without knowledge as to the allegations of Paragraph 6 of the Complaint, and on that basis denies them.

7. GREEN TREE is without knowledge as to the allegations of Paragraph 7 of the Complaint, and on that basis denies them.

8. GREEN TREE is without knowledge as to the allegations of Paragraph 8 of the Complaint, and on that basis denies them.

9. GREEN TREE denies the allegations of paragraph 9 of the Complaint.

10. GREEN TREE denies the allegations of paragraph 10 of the Complaint.

11. GREEN TREE is without knowledge as to the allegations of Paragraph 11 of the Complaint, and on that basis denies them.

12. GREEN TREE denies the allegations of paragraph 12 of the Complaint.

## FIRST CLAIM FOR RELIEF

13. GREEN TREE repeats and realleges its responses to Paragraphs 1 through 12 and incorporates them by reference as though fully stated herein.

14. GREEN TREE denies the allegations of paragraph 14 of the Complaint.

15. GREEN TREE denies the allegations of paragraph 15 of the Complaint.

## SECOND CLAIM FOR RELIEF

16. GREEN TREE repeats and realleges its responses to Paragraphs 1 through 15 and incorporates them by reference as though fully stated herein.

17. The allegations of Paragraph 17 constitute a conclusion of law as to which no response is required. To the extent a response is required, GREEN TREE denies them.

18. GREEN TREE denies the allegations of paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Neither the complaint nor any cause of action in the complaint states facts sufficient to constitute a cause of action against GREEN TREE. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

2

2013047.1

## SECOND AFFIRMATIVE DEFENSE

**(Priority)**

To the extent the HOA's foreclosure sale was valid, Plaintiff took title of the Property subject to GREEN TREE's first priority Deed of Trust, thereby forestalling any enjoinment/extinguishment of GREEN TREE's interest in the Property. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

**(Commercial Reasonableness and Violation of Good Faith – N.R.S. 116.3113)**

The HOA lien foreclosure sale by which Plaintiff took its alleged interest was commercially unreasonable if it eliminated GREEN TREE's Deed of Trust, as Plaintiff contends. The sale price, when compared to the outstanding balance of GREEN TREE's Note and Deed of Trust and the fair market value of the Property, demonstrates that the sale was not conducted in good faith as a matter of law. The circumstances of sale of the property violated the HOA's obligation of good faith under N.R.S. 116.3113 and duty to act in a commercially reasonable manner. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

**(Equitable Doctrines)**

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and failure to do equity. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

**(Acceptance)**

Any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the Loan and would not constitute a waiver of its rights under the Loan and Deed of Trust, or statute. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///

///

2013047.1

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

By reason of Plaintiff's acts and omissions, Plaintiff has waived its rights and is estopped from asserting the claims against GREEN TREE. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Due Process Violations)**

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(NRS Ch. 116 unconstitutional)**

AS A FURTHER SEPARATE DEFENSE, NRS Ch. 116. is unconstitutional, both on its face and applied, under the constitution of the State of Nevada and/or the United States of America. This defense is alleged in the alternative and does not admit any of the allegations contained in the complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Satisfaction of Super-Priority Lien)**

Plaintiff's claims are barred, because the super-priority lien was satisfied prior to the homeowner's association foreclosure. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

The complaint and each cause of action contained therein are barred by the applicable statutes of limitation and/or repose. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

///

2013047.1

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Granting plaintiff's demand in the complaint would result in the plaintiff receiving more than it is entitled to receive. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Payment of debt)**

The actions filed in this case are not maintainable because plaintiff has failed to pay the debt, if any, owed on the property. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to comply with NRS 116.31162 – NRS 116.31168)**

GREEN TREE states, upon information and belief, that the Association's sale did not comply with provisions of NRS 116.31162 – NRS 116.31168 or NRS 107.090 and is therefore void and without effect. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Additional Affirmative Defenses)**

Pursuant to Rule 9 of the *Nevada Rules of Civil Procedure*, as amended, because the complaint herein is couched in conclusory terms, and because after a reasonable inquiry sufficient facts were not available upon the filing of the within Answer, GREEN TREE cannot fully anticipate all affirmative defenses that may be applicable to the within Action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved. This defense is alleged in the alternative and does not admit any of the allegations contained in the complaint.

WHEREFORE, GREEN TREE prays for judgment as follows:

1. That Plaintiff take nothing by way of this complaint;

2. That GREEN TREE have judgment entered in its favor;

2013047.1

1   3. For costs of suit and a reasonable attorney's fee;

2   4. For all special defenses; and

3   5. For all other relief that the court may find just and proper in the premises.

4   DATED: July 16, 2015                             WOLFE & WYMAN LLP

5                                                    By:*/s/ Colt B. Dodrill*
                                                        COLT B. DODRILL, ESQ.
6                                                       Nevada Bar No. 9000
                                                        980 Kelly Johnson Drive, Ste 140
7                                                       Las Vegas, NV  89119
8
                                                        Attorneys for Defendant
9                                                       *GREEN TREE SERVICING LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

2013047.1

**CERTIFICATE OF SERVICE**

On May _____, 2015, I served the **GREEN TREE SERVICING LLC'S FIRST AMENDED ANSWER TO COMPLAINT** by the following means to the persons as listed below:

  __X__      a.     ECF Robert B. Noggle robert@nogglelaw.com

Paul R.M. Cullen paul@nogglelaw.com

System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

     Robert B. Noggle robert@nogglelaw.com

     Paul R.M. Cullen paul@nogglelaw.com

  _____     b.     United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):

By: /s/ *Katia Ioffe*
Katia Ioffe
An employee of Wolfe & Wyman LLP

2013047.1