1    Colt B. Dodrill, Esq. (SBN 9000)
     WOLFE & WYMAN LLP
2    980 Kelly Johnson Drive, Ste 140
     Las Vegas, NV  89119
3    Tel: (602) 953-0100
     Fax: (602) 953-0101
4    cbdodrill@wolfewyman.com
     *Attorneys for Defendant Green Tree Servicing LLC,*
5    *now known as Ditech Financial LLC, and*
     *Proposed Intervenor Federal National Mortgage Association*
6
     Leslie Bryan Hart, Esq. (SBN 4932)
7    John D. Tennert, Esq. (SBN 11728)
     FENNEMORE CRAIG, P.C.
8    300 E. Second St., Suite 1510
     Reno, Nevada 89501
9    Tel: 775-788-2228   Fax: 775-788-2229
     lhart@fclaw.com; jtennert@fclaw.com
10
     *Attorneys for Proposed Intervenor Federal Housing Finance Agency*
11
                    **UNITED STATES DISTRICT COURT**
12                        **DISTRICT OF NEVADA**

13   NEVADA SAND CASTLES, LLC,          CASE NO.  2:15-cv-00588-GMN-VCF

14                     Plaintiff,
           vs.
15                                      **STIPULATION TO ENTRY OF ORDER**
     GREEN TREE SERVICING LLC;          **AND [PROPOSED] ORDER**
16   RECONSTRUST COMPANY, N.A.; BANK    **PERMITTING FEDERAL NATIONAL**
     OF AMERICA, N.A.; PRLAP, INC.; DOES I-  **MORTGAGE ASSOCIATION AND**
     X, inclusive; and ROE BUSINESS ENTITIES **FEDERAL HOUSING FINANCE**
17   I-X, inclusive,                    **AGENCY, AS CONSERVATOR OF THE**
                                        **FEDERAL NATIONAL MORTGAGE**
18                     Defendants.      **ASSOCIATION, TO INTERVENE**

19

20         1.     The  Federal  Housing  Finance  Agency  ("FHFA"  or  "Conservator"),  as

21   Conservator for Federal National Mortgage Association ("Fannie Mae"), and Fannie Mae, seek

22   to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R.

23   Civ. P. 24.

24         2.     Fannie Mae asserts ownership in a promissory note and deed of trust recorded

25   against the property that Plaintiff seeks to extinguish by this action.

26         3.     On September 6, 2008, FHFA's Director appointed the FHFA Conservator of

27   Freddie Mac in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11217614.2

289, 122 Stat. 2654 (codified at 12 U.S.C. § 4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of 1992 (12 U.S.C. § 4501, et. seq.).

4.      The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in the federal courts. *See* 12 U.S.C. § 4617(b)(2)(A)(i).

5.      Accordingly, FHFA asserts that it has an unconditional federal statutory right to intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

6.      Pursuant to Fed. R. Civ. P. 24(c), FHFA and Fannie Mae attach as **Exhibit A** their intended Answer.

## **STIPULATION**

FHFA, Fannie Mae, Plaintiff Nevada Sand Castles, LLC, and Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC, through their undersigned attorneys of

//////

//////

//////

//////

//////

//////

//////

//////

//////

//////

//////

//////

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11217614.2

2

record, hereby stipulate and request that the Court make this stipulation an order of the Court:

The FHFA and Fannie Mae shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 13th day of January, 2016.

**WOLFE & WYMAN LLP**

By: _/s/  Colt Dodrill_____
   Colt B. Dodrill (SBN 9000)
   980 Kelly Johnson Drive, Ste 140
   Las Vegas, NV 89119
   Tel: (602) 953-0100 Fax: (602) 953-0101
   cbdodrill@wolfewyman.com

*Attorneys for Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC, and Proposed Intervenor Federal National Mortgage Association*

**FENNEMORE CRAIG, P.C.**

By:    _/s/  Leslie Bryan Hart_____
   Leslie Bryan Hart, Esq. (SBN 4932)
   John D. Tennert, Esq. (SBN 11728)
   300 E. Second St., Suite 1510
   Reno, Nevada 89501
   Tel: 775-788-2228   Fax: 775-788-2229
   lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Financing Agency*

**NOGGLE LAW**

By: _/s/  Brad Bace_____
   Robert B. Noggle, Esq. (SBN 11427)
   Brad Bace, Esq. (SBN 12684)
   376 East Warm Springs, Rd., Ste 140
   Las Vegas, NV 89119
   Tel: 702-450-6300 Fax: 702- 642-9766
   robert@nogglelaw.com

*Attorneys for Plaintiff Nevada Sand Castles, LLC*

## ORDER

IT IS SO ORDERED.

_____

UNITED   STATES   MAGISTRATE   JUDGE

DATED:   _January  13, 2016_____

IT IS HEREBY ORDERED that the Answer and Counterclaims by proposed Intervenors Federal National Mortgage Association and Federal Housing Finance Agency, As Conservator for the Federal National Mortgage Association must be filed on or before January 21, 2016.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11217614.2

3

Exhibit A

Exhibit A

1  Colt B. Dodrill, Esq. (SBN 9000)
   WOLFE & WYMAN LLP
2  980 Kelly Johnson Drive, Ste 140
   Las Vegas, NV  89119
3  Tel: (602) 953-0100
   Fax: (602) 953-0101
4  cbdodrill@wolfewyman.com
   *Attorneys for Defendant Green Tree Servicing LLC,*
5  *now known as Ditech Financial LLC, and*
   *Proposed Intervenor Federal National Mortgage Association*
6
   Leslie Bryan Hart, Esq. (SBN 4932)
7  John D. Tennert, Esq. (SBN 11728)
   FENNEMORE CRAIG, P.C.
8  300 E. Second St., Suite 1510
   Reno, Nevada 89501
9  Tel: 775-788-2228  Fax: 775-788-2229
   lhart@fclaw.com; jtennert@fclaw.com
10
   *Attorneys for Proposed Intervenor Federal Housing Finance Agency*
11
                     **UNITED STATES DISTRICT COURT**
12                        **DISTRICT OF NEVADA**

13  NEVADA SAND CASTLES, LLC,                    CASE NO.  2:15-cv-00588-GMN-VCF
                            Plaintiff,
14          vs.                                           **[PROPOSED]**

15  GREEN TREE SERVICING LLC;                    **ANSWER AND COUNTERCLAIMS BY**
    RECONSTRUST COMPANY, N.A.; BANK              **PROPOSED INTERVENORS FEDERAL**
16  OF AMERICA, N.A.; PRLAP, INC.; DOES I-       **NATIONAL MORTGAGE ASSOCIATION**
    X, inclusive; and ROE BUSINESS ENTITIES      **AND FEDERAL HOUSING FINANCE**
17  I-X, inclusive,                              **AGENCY, AS CONSERVATOR FOR THE**
                            Defendants.          **FEDERAL NATIONAL MORTGAGE**
18          and                                  **ASSOCIATION**

19  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION; and FEDERAL HOUSING
20  FINANCE AGENCY, as Conservator of the
    Federal National Mortgage Association,
21                   Proposed-Intervenors.

22  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION; and FEDERAL HOUSING
23  FINANCE AGENCY, as Conservator of the
    Federal National Mortgage Association,
24                          Counterclaimants,
25          vs.
    NEVADA SAND CASTLES, LLC,
26                          Counter-Defendant.

27

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

Simultaneously with this Answer, the Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for Fannie Mae, are filing a stipulation jointly with Plaintiff Nevada Sand Castles, LLC ("Plaintiff"), to permit Fannie Mae's and FHFA's intervention in this case pursuant to Federal Rule of Civil Procedure 24.  In accordance with Rule 24(c), Fannie Mae and FHFA submit this Answer to respond as follows to the Complaint filed by Plaintiff on February 24, 2015.

1.     Fannie Mae and FHFA admit that a Foreclosure Deed recorded November 4, 2013 states that Plaintiff prevailed at a lien foreclosure sale, evidenced by, Paragraph 1 of the Complaint states legal conclusions that do not require a response. Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 1 of the Complaint.

2.     Fannie Mae and FHFA admit that a Foreclosure Deed recorded November 4, 2013 states that Plaintiff prevailed at a lien foreclosure sale, evidenced by, Paragraph 2 of the Complaint states legal conclusions that do not require a response. Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 1 of the Complaint.

3.     Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 3 of the Complaint.  Paragraph 3 also states legal conclusions that do not require a response.  To the extent a response is required, denied.

4.     Fannie Mae and FHFA admit that Green Tree Servicing LLC, which is now known as Ditech Financial LLC is the beneficiary of record of a deed of trust encumbering real property located at 5710 E. Tropicana Ave., #1029, Las Vegas, Nevada 89122; APN 161-21-810-057 (the "Property").

5.     Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 5 of the Complaint.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

2

6.  Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 6 of the Complaint.

7.  Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 7 of the Complaint.

8.  Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Doe and Roe Business Entity defendants within Paragraph 8 of the Complaint.  The remainder of Paragraph 8 of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, denied.

9.  Fannie Mae and FHFA deny the allegations within Paragraph 9 of the Complaint.

10.  Paragraph 10 of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, denied.

11.  Fannie Mae and FHFA are without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 11 of the Complaint.

12.  Paragraph 12 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.

## FIRST CLAIM FOR RELIEF

13.  Fannie Mae and FHFA repeat their responses to Paragraphs 1-12 as if fully stated herein.

14.  Paragraph 14 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.

15.  Paragraph 15 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.

## SECOND CLAIM FOR RELIEF

16.  Fannie Mae and FHFA repeat their responses to Paragraphs 1-15 as if fully stated herein.

17.  Paragraph 17 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

3

18.     Paragraph 18 of the Complaint states legal conclusions and requests for relief that do not require a response.  To the extent a response is required, denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Fannie Mae and FHFA deny that Plaintiff is entitled to any of the relief requested in Paragraphs 1-4 of Plaintiff's Prayer for Judgment.

## AFFIRMATIVE DEFENSES

Fannie Mae and FHFA's investigations of these claims are continuing.  By this Answer, Fannie Mae and FHFA waive no affirmative defenses and reserves their right to amend the Answer to insert any subsequently discovered affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

4

acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Neither Fannie Mae nor FHFA breached any duty with regard to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The homeowners' association foreclosure sale is void because NRS 116.3116, the statute authorizing the sale, is invalid on its face and as applied because it violated Intervenors' rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and relevant portions of the Nevada Constitution.

### COUNTERCLAIMS

**PARTIES**

1.     Fannie Mae is a corporation organized and existing under the laws of the United States with its principal office in Washington, DC, and is deemed a citizen of the District of Columbia for jurisdictional purposes in civil cases.  12 U.S.C. § 1717(a)(1).

2.     Fannie Mae was established as a government-sponsored enterprise to provide stability and liquidity in the secondary mortgage market.  12 U.S.C. § 1716(1), (4).  Pursuant to its statutory mission, Fannie Mae owns millions of home loans throughout the United States, many of which are associated with properties located in the State of Nevada.

3.     FHFA is an agency of the federal government of the United States of America and is located at 400 7th Street, SW in Washington, D.C.  FHFA was created on July 30, 2008, pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289,

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

5

122 Stat. 2654, codified at 12 U.S.C. § 4617 et seq., to oversee Fannie Mae, Freddie Mac and the Federal Home Loan Banks.

4.     On September 6, 2008, the Director of FHFA, authorized by HERA, placed Fannie Mae into conservatorship and appointed FHFA as Conservator.

5.     Upon information and belief, Plaintiff/Counter-Defendant Nevada Sand Castles, LLC ("Plaintiff") is a Nevada Limited Liability Company with its principle place of business in Clark County, Nevada.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because (a) Fannie Mae's and FHFA's counterclaims arise under the laws of the United States and (b) Fannie Mae's federal corporate charter confers federal question jurisdiction over claims brought by Fannie Mae.  *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681 (9th Cir. 2014).  The Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this judicial district because the property that is the subject of this action is situated in this district.

8.     This Court has personal jurisdiction over Plaintiff because this lawsuit arises out of and is connected with Plaintiff's purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada and, upon information and belief, Plaintiff's principal place of business is in the State of Nevada.

**FACTUAL ALLEGATIONS**

***Fannie Mae's Interest in the Property***

9.     On or about August 30, 2006, Laura Forman ("Borrower") obtained a home loan in the amount of $89,430.00 (the "Loan"), the repayment of which was secured by a Deed of Trust (the "Deed of Trust"), recorded in the official records of the Clark County Recorder on September 20, 2006 as Instrument Number 20060920-0004591.

10.    The Deed of Trust encumbers the Property.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

6

11.     The original lender and beneficiary under the Deed of Trust was Bank of America, N.A. ("BANA").

12.     On or about October 1, 2006, Fannie Mae purchased the Loan and thereby acquired ownership of the Deed of Trust.

13.     On or about January 7, 2011 BANA assigned the Deed of Trust to BAC Home Loans Servicing, LP via a Corporation Assignment of Deed of Trust, recorded on January 11, 2011 as Instrument Number 201101110002599.

14.     On or about September 5, 2012, the Deed of Trust was re-recorded to correct legal description as Instrument Number 201209050003140.

15.     On or about July 22, 2013 BANA, as successor by merger to BAC Home Loans Servicing, LP assigned the Deed of Trust to Green Tree Servicing LLC ("Green Tree") via an Assignment of Deed of Trust, recorded on August 23, 2013 as Instrument Number 201308230000764.

16.     Green Tree is the current servicer of the Loan for Fannie Mae and was the servicer of the Loan for Fannie Mae on November 1, 2013.

17.     A central document governing the relationship between Green Tree, as the servicer of the Loan, and Fannie Mae is the Fannie Mae Single-Family Servicing Guide ("Guide").  *See* Guide at A1-1-03.[1]

18.     The Guide provides that:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens.  However, *Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan,*

---

[1]     The Guide is publicly available on Fannie Mae's website.  An interactive version is available at https://www.fanniemae.com/content/guide/servicing/index.html, and archived prior versions of the Guide are available at that URL by clicking "Show All" in the left hand column of that site.  While the sections of the Guide have been amended over the course of Fannie Mae's ownership of the Loan, none of these amendments have changed these sections in a way material to this case.  A static, PDF copy of the most recent version of the Guide is available at https://www.fanniemae.com/content/guide/svc101415.pdf.

11220175.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

*including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee.* In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by

> preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and

> providing recordation information for the affected mortgage loans.

Guide at A2-1-03 (emphasis added).

19.     Green Tree is now known as as Ditech Financial LLC.

***The HOA Lien and Foreclosure Sale***

20.     Upon information and belief, Borrower failed to pay the HOA all amounts due to it.  Accordingly, on October 27, 2010, Nevada Association Services, Inc. ("HOA Trustee"), as agent for the HOA, recorded a Notice of Delinquent Assessment Lien as Instrument Number 201010270002501.

21.     The Notice of Delinquent Assessment Lien referred to in the above paragraph recites that "[t]otal amount due as of today's date is $1,324.88.  This amount includes late fees, collection fees and interest in the amount of $764.88."

22.     On December 14, 2010, the HOA Trustee, as agent for the HOA, recorded a Notice of Default and Election to Sell Under Homeowners Association Lien as Instrument Number 201012140002713.

23.     Notice of Default and Election to Sell Under Homeowners Association Lien referred to in the above-paragraph recites that the amount of "past due payments plus permitted costs and expenses … is $2,527.10 as of December 10, 2010 and will increase until [the] account becomes current."

24.     On November 30, 2012, the HOA Trustee, as agent for the HOA, recorded a Notice of Foreclosure Sale as Instrument Number 201211300002364.

25.     The Notice of Foreclosure Sale identified in the above paragraph stated that "the total amount of the unpaid balance of the obligation secured by the property to be sold and

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

8

1  reasonable estimated costs, expenses and advances at the time of the initial publication of the
2  Notice of Sale is $6,272.37."

3      26.   At no time did the Conservator consent to the HOA Sale extinguishing or
4  foreclosing    Fannie    Mae's    interest    in    the    Deed    of    Trust.    *See*
5  www.fhfa.gov/Media/PublicAffairs/Pages/
6  Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

7      27.   On November 4, 2013, a Foreclosure Deed was recorded as Instrument Number
8  201311040002842 reciting that Plaintiff had prevailed at a lien foreclosure sale conducted on
9  November 1, 2013.  The deed indicates a sale price of $10,000.00.

10  **FIRST CAUSE OF ACTION**
11  **(Declaratory Judgment versus Plaintiff)**

12      28.   FHFA and Fannie Mae incorporate by reference the responses of all previous
13  paragraphs, as if fully set forth herein.

14      29.   Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and
15  authority to declare FHFA and Fannie Mae's rights and interests in the Property.

16      30.   FHFA is an agency of the federal government of the United States of America and
17  is also the Conservator for Fannie Mae.

18      31.   The Conservator has succeeded by law to all of Fannie Mae's "rights, titles,
19  powers, and privileges."  12 U.S.C. § 4617(b)(2)(A)(i).

20      32.   During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy,
21  attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any
22  involuntary lien attach to the property of [FHFA]."  12 U.S.C. § 4617(j)(3).

23      33.   At the time of the foreclosure sale, the Deed of Trust was a first secured interest
24  on the Property as intended by NRS 116.3116(2)(b).

25      34.   Fannie Mae's interest at issue was property of the Conservator.   Therefore,
26  applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest
27  in the Property would violate 12 U.S.C. § 4617(j)(3).

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

9

35.     12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

36.     At no time did Plaintiff, the homeowners' association conducting the foreclosure sale (the "HOA"), the HOA's agent, or any other person or entity obtain consent from FHFA to extinguish the Deed of Trust or otherwise extinguish Fannie Mae's interest.

37.     Pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale conducted by the HOA could not extinguish Fannie Mae's interest in the Deed of Trust.

38.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's property interests.

39.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that the HOA Sale did not extinguish Fannie Mae's interest in the Deed of Trust.

40.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that any interest acquired by Plaintiff through the foreclosure deed is subject to Fannie Mae's Deed of Trust.

## SECOND CAUSE OF ACTION

### (Quiet Title versus Plaintiff)

41.     FHFA and Fannie Mae incorporate by reference the responses of all previous paragraphs, as if fully set forth herein.

42.     Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the parties' adverse claims in the Property.

43.     The Deed of Trust is a first secured interest on the Property as intended by NRS § 116.3116(2)(b).

44.     FHFA, as Fannie Mae's conservator, has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges."  12 U.S.C. § 4617(b)(2)(A)(i).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

10

45.     Plaintiff claims an interest in the Property through its purported purchase of the Property at an HOA foreclosure sale held on November 1, 2013, and claims that the foreclosure sale extinguished the Deed of Trust.

46.     Pursuant to 12 U.S.C. § 4617(j)(3), "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."

47.     Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

48.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that the HOA Sale did not extinguish Fannie Mae's interest in the Deed of Trust.

49.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that any interest acquired by Plaintiff through the foreclosure deed is subject to Fannie Mae's Deed of Trust.

**PRAYER FOR RELIEF**

WHEREFORE, FHFA and Fannie Mae pray for the following relief:

1.     That Plaintiff take nothing by way of its Complaint;

2.     That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish Fannie Mae's interest while it is under FHFA's conservatorship;

3.     That the Court declare that the HOA sale did not extinguish Fannie Mae's interest in the Property and thus did not convey the Property free and clear to Plaintiff;

4.     That the Court declare that any interest of Plaintiff is subject to the Deed of Trust;

5.     That Plaintiff's claim for injunctive relief be denied;

6.     That FHFA be awarded reasonable attorneys' fees and costs; and

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

11

7.      That FHFA receive such other relief as the Court deems just and proper.

DATED this _____ day of January, 2016.

**WOLFE & WYMAN LLP**

By:   ___/s/_____
      Colt B. Dodrill (SBN 9000)
      980 Kelly Johnson Drive, Ste 140
      Las Vegas, NV  89119
      Tel: (602) 953-0100 Fax: (602) 953-0101
      cbdodrill@wolfewyman.com

*Attorneys for Defendant Green Tree Servicing
LLC, now known as Ditech Financial LLC, and
Proposed Intervenor Federal National
Mortgage Association*

**FENNEMORE CRAIG, P.C.**

By:      ___/s/_____
         Leslie Bryan Hart, Esq. (SBN 4932)
         John D. Tennert, Esq. (SBN 11728)
         300 E. Second St., Suite 1510
         Reno, Nevada 89501
         Tel: 775-788-2228   Fax: 775-788-2229
         lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal
Housing Financing Agency*

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11220175.1

12